IN THE FIFTH CIRCUIT COURT
FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHAUNDELLE BROOKS, individually, and next-of-kin to the deceased, AKILAH DASILVA, | ) ) ) ) |
| Plaintiff, | ) No. 18C1777 ) JURY DEMANDED |
| TRAVIS REINKING and JEFFREY L. REINKING, | ) ) ) |
| Defendants. | ) |

## DEFENDANT, JEFFREY L. REINKING'S, RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Comes now defendant, Jeffrey L. Reinking, by and through counsel, pursuant to Tenn. R. Civ. P. 36, and does hereby submit his responses to plaintiff's First Requests for Admission ("Requests").

### GENERAL OBJECTION

Jeffrey Reinking objects to the definitions and instructions of plaintiff's Requests to the extent these definitions and instructions do not conform to the requirements and obligations of Tenn. R. Civ. P. 36. Furthermore, in responding to plaintiff's Requests, Mr. Reinking does not adopt the definitions used by plaintiff in any way other than to make his response to the corresponding Requests.

1. Admit that on, about, or before August 24, 2017, you were advised by law enforcement that you needed to keep firearms away from Travis Reinking.

**RESPONSE:**

**Objection, "law enforcement" had no authority under Illinois or federal law to deputize private citizen Jeffrey Reinking to undertake such a duty or task. Subject to the objections and without waiving this objection, denied.**

2. Admit that on, about, or before August 24, 2017, you indicated that you would comply with law enforcement's instructions that you needed to keep firearms away from Travis Reinking.

**RESPONSE:**

**Objection, "law enforcement" had no authority under Illinois or federal law to deputize private citizen Jeffrey Reinking to undertake such a duty or task. Subject to the objections and without waiving this objection, denied.**

3. Admit that after August 24, 2017, you returned four firearms to Travis Reinking.

**RESPONSE:**

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Admitted that Travis Reinking demanded and then took possession of his own firearms that had been in Jeffrey Reinking's gun safe.**

4. Admit that one of the firearms that you returned to Travis Reinking was a Bushmaster XM-15 rifle.

**RESPONSE:**

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Jeffrey Reinking admits that Travis Reinking demanded and then took possession of a rifle, but Jeffrey Reinking is not certain as to the make or model.**

5. Admit that the Bushmaster XM-15 rifle was used by Travis Reinking in the State of Tennessee to kill Akilah Dasilva.

**RESPONSE:**

**Jeffrey Reinking has no firsthand knowledge of this fact other than what can be learned in the media, and therefore this Request is denied.**

6. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you knew that he was prohibited from possessing a firearm in the State of

Illinois.

**RESPONSE:**

**Objection, at the time in question, Travis Reinking was not prohibited from possessing a firearm in the State of Illinois, and the request is thus a non-sequitur. To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, Jeffrey Reinking believed and relied upon advice given to him that Travis Reinking, a non-resident of Illinois, was not prohibited from possessing a firearm in the State of Illinois and therefore this Request is denied.**

7. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you knew that he intended to possess it outside of the State of Illinois.

**RESPONSE:**

**Pursuant to the Court's Protective Order entered November 8, 2018, this Request shall be limited to the State of Tennessee. Subject to this limitation:**

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, Jeffrey Reinking was aware that Travis Reinking was not a resident of the State of Illinois at the time he demanded return and thereafter took possession of the firearms owned by Travis Reinking. Jeffrey Reinking admits at the time Travis Reinking took possession of his own firearms, JR did not know where Travis Reinking intended to domicile. Jeffrey Reinking later discovered after Travis Reinking took possession of his own firearms that Travis Reinking took up domicile in Tennessee.**

8. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you knew that Travis Reinking had on at least one occasion been involuntarily hospitalized.

**RESPONSE:**

**Objection, the phrase "involuntarily hospitalized" is not defined or limited in any way, and the request is vague and overly broad, as well as not reasonably limited in time or scope. Subject to the objections and without waiving them, this Request is omitted pursuant to the Court's Protective Order entered on November 8, 2018. As such, no response from Jeffrey Reinking is required, and this Request shall not be deemed admitted.**

9. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you had been advised on at least one occasion that you might want to prevent Travis Reinking from possessing firearms until he received mental help.

### RESPONSE:

**This Request is omitted pursuant to the Court's Protective Order entered on November 8, 2018. As such, no response from Jeffrey Reinking is required, and this Request shall not be deemed admitted.**

10. Admit that at the most recent time that you returned the Bushmaster XM-15 rifle to Travis Reinking, you had previously communicated to law enforcement that Travis Reinking was a danger to himself or others.

### RESPONSE:

**This Request is omitted pursuant to the Court's Protective Order entered on November 8, 2018. As such, no response from Jeffrey Reinking is required, and this Request shall not be deemed admitted.**

11. Admit that at the most recent time that you returned the Bushmaster XM-15 rifle to Travis Reinking, you were aware that Travis Reinking had reported to law enforcement that he believed Taylor Swift was stalking him.

### RESPONSE:

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, denied.**

12. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, Taylor Swift maintained a residence in Nashville, Tennessee.

### RESPONSE:

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, Jeffrey Reinking has no firsthand knowledge of this fact other than what can be learned in the media. As such, admitted upon what has been learned through**

media.

13. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you knew or believed that Taylor Swift was a citizen of Tennessee.

**RESPONSE:**

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, denied.**

14. Admit that you communicated with Travis Reinking after he became domiciled in the State of Tennessee.

**RESPONSE:**

**To the extent plaintiff asks about the time period between when Travis Reinking became domiciled in Tennessee and April 22, 2018, denied. For communication between Travis Reinking and Jeffrey Reinking after April 22, 2018, see Response to Request no. 15.**

15. Admit that you have communicated with or attempted to communicate with Travis Reinking since April 22, 2018.

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, admitted.**

16. Admit that on, about, or before May 1, 2018, Joel E. Brown released the following statement to the media on your behalf:

> "The Reinking family is heartbroken and devastated at the loss of life and injury in Tennessee. The Reinkings pray for all of the victims and their families, for healing and peace. In time, and in the due course of understanding all of the facts of this tragedy, the Reinkings anticipate that greater clarity will be revealed about the events leading up to this incident."

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections**

**and without waiving them, admitted to the extent that certain media outlets received the statements and others repeated it from indirect sourcing.**

17. Admit that on, about, or before May 1, 2018, the following statement was received and published by media outlets in Davidson County, Tennessee:

> "The Reinking family is heartbroken and devastated at the loss of life and injury in Tennessee. The Reinkings pray for all of the victims and their families, for healing and peace. In time, and in the due course of understanding all of the facts of this tragedy, the Reinkings anticipate that greater clarity will be revealed about the events leading up to this incident."

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, Jeffrey Reinking has no firsthand knowledge of this fact other than what can be learned in the media, and therefore this request is denied. However, Jeffrey Reinking admits that certain media outlets in Tennessee have published the statement.**

18. Admit that on or about July 12th and/or July 13th, 2018, Joel E. Brown released the following statement to the media on your behalf:

> "A lawsuit has been filed in the United States District Court for the Middle District of Tennessee by Attorney Daniel Horwitz against Jeffrey L. Reinking. The complaint and media comments offered by Mr. Horwitz contain numerous allegations that continue the unfortunate trend of factual inaccuracy and rush to judgment surrounding Jeffrey Reinking's conduct. The complaint is filled with flawed legal argument, inappropriate hyperbole and shows what appears to be a greater desire for media coverage by a lawyer than finding the truth for a grieving family."

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, admitted to the extent that certain media outlets received the statements and others repeated it from indirect sourcing.**

19. Admit that on or about July 12th and/or July 13th, 2018, the following statement was received and published by media outlets in Davidson County, Tennessee:

"A lawsuit has been filed in the United States District Court for the Middle District of Tennessee by Attorney Daniel Horwitz against Jeffrey L. Reinking. The complaint and media comments offered by Mr. Horwitz contain numerous allegations that continue the unfortunate trend of factual inaccuracy and rush to judgment surrounding Jeffrey Reinking's conduct. The complaint is filled with flawed legal argument, inappropriate hyperbole and shows what appears to be a greater desire for media coverage by a lawyer than finding the truth for a grieving family."

### RESPONSE:

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, Jeffrey Reinking has no firsthand knowledge of this fact other than what can be learned in the media, and therefore this request is denied. However, Jeffrey Reinking admits that certain media outlets in Tennessee have published the statement.**

20. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, you knew that he posed a risk of harm to himself or others with whom he came into contact.

### RESPONSE:

**To the extent the term "return" is meant to imply transfer of ownership, from Jeffrey Reinking to Travis Reinking, denied. Further answering, denied.**

21. Admit that at the time you returned the Bushmaster XM-15 rifle to Travis Reinking, federal law prohibited you from transferring Travis Reinking any firearm.

### RESPONSE:

**This Request is omitted pursuant to the Court's Protective Order entered on November 8, 2018. As such, no response from Jeffrey Reinking is required, and this Request shall not be deemed admitted.**

22. Admit that on August 7, 2018, an attorney acting on your behalf filed a *RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT UNDER FED. R. CIV. P. 55(a)* in Middle District of Tennessee Case 3:18-CV-00640 (Doc. #11).

**RESPONSE:**

**Admitted.**

23.  Admit that the *RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT UNDER FED. R. CIV. P. 55(a)* filed on your behalf in Middle District of Tennessee Case 3:18-CV-00640 (Doc. #11) includes the following statement(s):

> Mr. Reinking has merit to file a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Should Mr. Reinking be denied in any Motion to Dismiss, he still has meritorious claims with respect to liability. Numerous factual allegations contained in plaintiff's Complaint are incorrect and/or misleading. For instance, plaintiff's Complaint heavily implies the reason Travis Reinking's Firearm Owners Identification Card ("FOID"), which is an Illinois law, was revoked was due to mental health. (See generally D.E. No. 1.) Mr. Reinking intends to show through evidence that Travis Reinking's FOID card was in fact revoked due to Travis Reinking no longer being a resident of the state of Illinois, not his mental health as heavily implied in plaintiff's Complaint.

**RESPONSE:**

**Admitted.**

24.  Admit that the *RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT UNDER FED. R. CIV. P. 55(a)* filed on your behalf in Middle District of Tennessee Case 3:18-CV-00640 (Doc. #11) does not mention or allege any defect concerning personal jurisdiction.

**RESPONSE:**

**Admitted that the Response in Opposition to Plaintiff's Motion for Clerk's Entry of Default Under Fed. R. Civ. P. 55(a) does not re-raise the already preserved issue of lack of personal jurisdiction, since the Notice of Limited Appearance, which was the first document filed on Jeffrey Reinking's behalf, does expressly mention personal jurisdiction. Jeffrey Reinking's Motion to Dismiss for lack of personal jurisdiction in Middle District of Tennessee Case 3:18-CV-00640 is docketed and pending.**

25.  Admit that on August 22, 2018, Judith Reinking was in the State of

Tennessee.

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, admitted.**

26. Admit that on August 22, 2018, Judith Reinking attended a hearing concerning Travis Reinking in Nashville, Tennessee.

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, admitted.**

27. Admit that on or about August 22, 2018, Judith Reinking communicated with you while she was in the State of Tennessee.

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Subject to the objections and without waiving them, admitted.**

28. Admit that on or before August 22, 2018, you and Judith Reinking agreed that Judith Reinking would attend Travis Reinking's hearing and inform you about what occurred.

**RESPONSE:**

**Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Further objecting, this Request seeks admission of information related to privileged communications between Jeffrey Reinking and his spouse, Judith Reinking. See Tenn. Code Ann. § 24-1-201; see also, Tenn. R. Evid. 501, 735 Ill. Comp. Stat. Ann. 5/8-801.**

29. Admit that on or about August 22, 2018, you communicated with Travis Reinking through Judith Reinking.

**RESPONSE:**

Objection, this Request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Further objecting, this Request seeks admission of information related to privileged communications between Jeffrey Reinking and his spouse, Judith Reinking. See Tenn. Code Ann. § 24-1-201; see also, Tenn. R. Evid. 501, 735 Ill. Comp. Stat. Ann. 5/8-801.

30. Admit that since April 22, 2018, you have corresponded with one or more individuals in Nashville, Tennessee, about Travis Reinking's criminal proceedings.

**RESPONSE:**

Objection, the request is irrelevant and immaterial to any triable issue that could be submitted to a finder of fact in this matter. Further objecting, this Request contains undefined terms, is vague, and is not reasonably limited in scope.

Respectfully submitted,

*/s/ Parks T. Chastain*

**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT: (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

**JOEL E. BROWN**
416 Main Street, Suite 1300
Peoria, IL 61602-1133
309-673-4357
jb@joelebrown.com

Attorneys for Defendant, Jeffrey L. Reinking

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2018, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid, or e-mail, to:

Daniel A. Horwitz, Esquire
1803 Broadway, Suite 531
Nashville, TN 37203

Brian Manookian, Esquire
Cummings Manookian
45 Music Square West
Nashville, TN 37203

Joel E. Brown, Esquire
416 Main Street, Suite 1300
Peoria, IL 61602-1133

Mr. Travis Reinking
JMS No. 878721
Control No. 577520
P. O. Box 196383
Nashville, TN 37219-6383

_____
PARKS T. CHASTAIN
CORY R. MILLER